UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBIN RAY,

                Plaintiff,

v.                                      **DECISION AND ORDER**
                                              08-CV-488S

JAMES P. KLYCZEK and STATE UNIVERSITY
OF NEW YORK NIAGARA COUNTY
COMMUNITY COLLEGE,

                Defendants.

---

## I. INTRODUCTION

Plaintiff Robin Ray filed this action on June 30, 2008, alleging that Defendants discriminated against her and violated her rights under 42 U.S.C. §§ 1981, 1983, 1985, and the New York State Human Rights Law, when they terminated her employment and declined to renew her employment contract because of her race.

Defendants moved to dismiss the Complaint, pursuant to Rules 12(b)(6) and (c) of the Federal Rules of Civil Procedure,[1] on the ground that each of Ray's claims is time-barred. In response to the motion, Ray has withdrawn her claims under 42 U.S.C. § 1985 and the New York State Human Rights Law. Remaining for decision is the timeliness of Ray's claims under 42 U.S.C. §§ 1981 and 1983. Having reviewed the parties'

---

[1] Although characterized as a motion to dismiss, Defendants' motion is improper to the extent it is brought under Rule 12(b)(6). Defendants previously filed an answer in this case and a motion asserting a Rule 12(b)(6) defense must be made before a responsive pleading. Accordingly, the Court construes this motion only as one for judgment on the pleadings, pursuant to Rule 12(c).

submissions this Court finds oral argument unnecessary.

## II.  FACTS

The relevant facts, as set forth in the Complaint, are as follows.  Ray, an African American woman, was appointed a member of the faculty at Niagara County Community College ("NCCC") in 2000, for an initial two-year appointment.  She received consecutive one-year appointments for the 2003-2004 and 2004-2005 academic years.  The end date of the latter appointment was August 31, 2005.

By letter dated March 24, 2005, Defendant Klyczek notified Ray that her appointment would not be renewed for the 2005-2006 academic year.  Four other employees, all Caucasian, whose appointments were eligible for renewal at the same time, received continuing appointments.

Klyczek subsequently notified Ray, by letter dated May 19, 2005, that he would recommend to the NCCC Board that her current appointment terminate on June 30, 2005, rather than August 31, 2005.  By letter dated May 26, 2005, Klyczek notified Ray that the NCCC Board had decided to amend her appointment end date to June 30, 2005.  When Ray reported to work on July 5, 2005, she was asked to leave her work station, which she did under protest.  The NCCC Faculty Association pursued a grievance and arbitration on Ray's behalf, which resulted in an Opinion and Award dated April 29, 2008.  The Arbitrator found NCCC had violated the collective bargaining agreement when it amended the end date of Ray's 2004-2005 appointment.

## III. DISCUSSION

### A. The § 1981 Statute of Limitations

Ray alleges that she was wrongfully terminated under her existing contract and denied the same opportunity as Caucasian employees to enter into a new contract.

As originally enacted, § 1981 permitted claims based on racial discrimination in the employment context only when the discrimination occurred in the making and enforcement of contracts. *See* Patterson v. McLean Credit Union, 491 U.S. 164, 171, 176-77, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989) (holding § 1981 did "not apply to conduct which occurs after the formation of a contract and which does not interfere with the right to enforce established contract obligations"). In 1991, partially in response to Patterson, Congress amended § 1981 to encompass race discrimination in the performance of contracts as well. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 477, 126 S. Ct. 1246, 163 L. Ed. 2d 1069 (2006); 42 U.S.C. § 1981(b) ("[f]or purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship"). Thus, the alleged wrongs—the termination of an existing agreement and discrimination in the making of a new agreement—are now both cognizable under § 1981.

Defendants contend that the § 1981 claim is subject to a three-year statute of limitations and time-barred. Ray argues that a four-year limitations period applies, making her claim timely.

Like many federal statutes, 42 U.S.C. § 1981 does not contain a statute of limitations. Consistent with the Supreme Court's holding in Goodman v. Lukens Steel Co.,

482 U.S. 656, 660, 107 S. Ct. 2617, 96 L. Ed. 2d 572 (1987), courts in this Circuit had routinely applied New York's three-year statute of limitations for personal injury actions to section 1981 claims, finding it to be "the most appropriate or analogous state statute of limitations" for such claims. *See, e.g.*, Curto v. Edmundson, 392 F.3d 502, 504 (2d Cir. 2004).

However, following the Goodman decision, Congress enacted a catchall four-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990. 28 U.S.C. § 1658. The Supreme Court has since held that this catchall provision applies to claims that "arise under" the 1991 amendments to the Civil Rights Act of 1866. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382, 124 S. Ct. 1836, 1845-46, 158 L.Ed. 2d 645 (2004). *See also*, Jones v. Western Suffolk BOCES, 03 Civ. 3252, 2008 U.S. Dist. LEXIS 13077, at *25 (E.D.N.Y. Feb. 20, 2008); Sleigh v. Charlex, Inc., 03 Civ. 1369, 2004 U.S. Dist. LEXIS 19118, *9-11 (S.D.N.Y. Sept. 14, 2004).

To the extent Ray bases her claim on the allegation that she was denied the same opportunity as white employees to enter into a new contract, that denial is actionable under the original construct of § 1981, and New York's analagous three-year statute of limitations for personal injury suits applies. This action was commenced more than three years after Ray was notified her appointment would not be renewed.

In contrast, to the extent Ray bases her claim on the allegation that her existing contract was wrongfully terminated based on her race, such claim is cognizable only under the 1991 amendment to § 1981. Thus, 28 U.S.C. § 1658's catch-all, four-year statute of limitations applies. This action was commenced less than four years after Ray was notified that the NCCC Board had decided to terminate her existing appointment.

Accordingly, the Court finds Ray's § 1981 claim is timely, but only with regard to her allegation that the early termination of her existing appointment was based on her race.

**B.     The § 1983 Statute of Limitations**

Ray alleges that she was denied due process with regard to the early termination of her contract. There is no dispute that New York's three-year statute of limitations for personal injury torts applies to claims brought under § 1983. Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989); Cloverleaf Realty of N.Y., Inc. v. Town of Wawayanda, 572 F.3d 93, 94-95 (2d Cir. 2009). What is at issue here is the accrual date for the claim.

Defendants, relying on Delaware State College v. Ricks, contend the limitations period runs from the date a plaintiff receives notice of an allegedly discriminatory employment decision. 449 U.S. 250, 258, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980). Here, that would be on or about May 26, 2005, when Ray was advised the NCCC Board decided to terminate her appointment early. Plaintiff argues that Ricks involved discrimination claims brought under Title VII and § 1981, not a § 1983 due process claim, and the limitations period for her due process claim did not begin to run until the decision was carried out and she was removed from her position, on July 5, 2005. Ray does not provide any supporting authority for her position.

Courts in this Circuit have held repeatedly that § 1983 claims accrue when a plaintiff knows or has reason to know of the injury that is the basis of the action, not when the consequences of the act become most painful. *See, e.g.*, Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 331 (2d Cir. 1997) (applying Ricks accrual rule to §§ 1983

and 1985); Sanders v. N.Y. City Dep't of Corr., 07 Civ. 3390, 2009 U.S. Dist. LEXIS 7709, at *9-10 (S.D.N.Y. Jan. 30, 2009); Hayden v. Hevesi, 05 Civ. 294, 2007 U.S. Dist. LEXIS 10336, at *16 (W.D.N.Y. Feb. 12, 2007); Parker v. Scymcyk, 02 Civ. 3683, 2006 U.S. Dist. LEXIS 37281, at *3-4 (E.D.N.Y. June 7, 2006).  Accordingly, Ray's § 1983 claim is time-barred.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion is granted in part, and denied in part.  Specifically, the Third Cause of Action (§ 1981) is dismissed to the extent Plaintiff claims the decision not to offer her a new appointment was based on her race.  The Fourth Cause of Action (§ 1983) is dismissed in its entirety.  The Third Cause of Action survives only to the extend it is predicated on the early termination of Plaintiff's existing contract.

## V. ORDER

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 16) is GRANTED IN PART and DENIED IN PART.


SO ORDERED.


Dated:   September 30, 2009
         Buffalo, New York

                                                      /s/William M. Skretny
                                                      WILLIAM M. SKRETNY
                                                      United States District Judge